UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON AKRAWI,

    Plaintiff,

v.

FCA US LLC, *et al.*,

    Defendants.

Case No. 25-cv-13229
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING EMERGENCY TREATMENT OF PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER
(ECF NOS. 6, 15, 38)**

Plaintiff Brandon Akrawi brings this employment action against Defendants FCA US LLC (doing business as Stellantis US LLC) and two labor unions. ECF No. 1. The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 12. Akrawi moves on an emergency basis for a temporary restraining order (TRO) and preliminary injunction. ECF No. 6; ECF No. 15; ECF No. 38.

While difficult to follow, the complaint alleges that Akrawi "is" an employee of Stellantis. ECF No. 1, PageID.3. But he alleges that he was

"wrongfully displaced" and "removed" from his department in 2024 because of unspecified "collusions and retaliation by Stellantis management and union representatives." *Id.*, PageID.5-7. Akrawi advances several claims, including violations of the Americans With Disabilities Act (ADA) and retaliation. *Id.*, PageID.6-7.

Akrawi seeks a TRO to reinstate him to his department with full pay, benefits, and seniority and to enjoin defendants from engaging in retaliation, harassment, and defamation. ECF No. 6, PageID.387-388. In a second motion for TRO, Akrawi claims that Stellantis has posted job openings that he wishes to bid on but that he is allegedly wrongfully disqualified. ECF No. 38. The job openings expire on November 13, 2025, and Akrawi seeks to enjoin defendants from excluding his bids before that date.

It is simply too late to decide Akrawi's motions before the November 13 job posting closure. Before Akrawi's motions could be granted, this Court would need to order defendants to respond to the motion, hold a hearing, and then prepare a report and recommendation (R&R) to Judge Behm. *See* 28 U.S.C. § 636(b)(1)(B) (requiring magistrate judges issue R&Rs for dispositive motions); *Ahneman v. Fed. Express Corp.*, No. 216CV02422JTFTMP, 2017 WL 623653, at *1 (W.D. Tenn. Feb. 15, 2017)

2

(noting that a motion for injunctive relief is a dispositive matter). Defendants would then have a right to object to the R&R, and Judge Behm would need to address those objections. Completing all these procedures in the next business day is not feasible.

The Court will thus not accord Akrawi's motion emergency treatment.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 13, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager
