UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON AKRAWI,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-13229<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING AMENDED COMPLAINT**
**(ECF NO. 68)**

Plaintiff Brandon Akrawi brings this employment action against Defendants FCA US LLC (doing business as Stellantis US LLC) and two labor unions. ECF No. 1; ECF No. 31. The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 12.

The Court ordered Akrawi to show cause why the case should not be dismissed for failure to satisfy the pleading standard of Federal Rule of Civil Procedure 8. ECF No. 64. Akrawi responded that a newly filed amended complaint satisfied the deficiencies identified by the Court. ECF No. 68; ECF No. 69. Rule 15(a)(1) permits a plaintiff to amend a complaint "once

as a matter of course within 21 days after serving it" or "21 days after service of a responsive pleading." Rule 15(a)(1) (cleaned up). But Akrawi already filed an amended complaint. ECF No. 31; *see also* ECF No. 63, PageID.2096, n.1. He did not have a right under Rule 15(a)(1) to file a second amended complaint. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012) (stating that the Rule 15(a)(2) "right to amend once as of right applies only to initial, not amended pleadings" as allowing only one amendment of right). Nor has Akrawi moved for leave to amend his complaint under Rule 15(a)(2). Because the second amended complaint is unauthorized, the Court **STRIKES** it. ECF No. 68.

Even if the Court construed Akrawi's response and second amended complaint as a motion for leave to amend, it would be denied. A motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Akrawi's second amended complaint is still skeletal and conclusory and does not satisfy the

pleading standards of Rule 8.  It advances seven causes of action with no explanation of the factual bases for the claims.  *See* ECF No. 68, PageID.2168.

As stated in the Court's previous order, Akrawi must show cause by **December 30, 2025**, why his complaint and amended complaint should not be dismissed under Rule 8.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 18, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

3

  The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

            <u>s/Davon Allen</u>
            DAVON ALLEN
            Case Manager