UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON AKRAWI,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 25-cv-13229<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FCA'S MOTION FOR PROTECTIVE ORDER
(ECF NO. 81)**

Plaintiff Brandon Akrawi brings this employment action against Defendants FCA US LLC and two labor unions.  ECF No. 1; ECF No. 31.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 12.  FCA moves for a protective order preventing Akrawi from engaging in discovery.  ECF No. 81.

Federal Rule of Civil Procedure 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden."  The movant bears the burden of showing good cause for a protective order.  *Nix v.*

*Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (cleaned up).  Courts enjoy "broad discretion to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up).  In exercising that discretion, a court must balance the competing interests and hardships of the parties.  *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

The Court previously granted FCA's and the unions' motions to quash Akrawi's formal discovery requests, finding that the requests were premature.  ECF No. 65; EC No. 72.  FCA now seeks to prevent Akrawi from making informal discovery requests outside the methods permitted under Rules 26 through 36.  ECF No. 81.  Akrawi recently emailed FCA's counsel and several FCA and union employees requesting information about the claims at issue here: July 2025 changes to Akrawi's medical restrictions that disqualified him from work, a legal hold on his medical file, and his August 2025 removal from his department.  ECF No. 81-2, PageID.2311-2314.  Akrawi's email referenced his "ongoing proceedings" in federal court and concluded that "it is essential that all employment and

2

medical record modifications are clearly documented and accurately explained." *Id.*, PageID.2314-2315.

Akrawi's email was an improper and premature attempt at seeking informal discovery. As explained in its two previous orders quashing discovery requests, parties may not "seek discovery *from any source* before the parties have conferred as required by Rule 26(f)," except in certain circumstances that do not apply here. Fed. R. Civ. P. 26(d)(1) (emphasis added); *see also* ECF No. 65; EC No. 72. And "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). The Court recently recommended dismissing the case. Because Judge Behm's adoption of this recommendation would dispose of all claims, a protective order staying all discovery—including Akrawi's efforts to obtain informal discovery from defendants' employees—until further order of the Court is justified. *See Rehs v. U.S. Dep't of Treas.*, No. 2:23-cv-13148, 2025 WL 1285810, at *1 (E.D. Mich. May 2, 2025).

FCA also requests an award of its attorney's fees under Rule 37, citing Akrawi's failure to comply with the Court's previous orders quashing discovery and his history of frivolous and unauthorized filings. ECF No. 81,

3

PageID.2293-2294, 2305-2306.  The Court has discretion to grant those requests.  *See* Fed. R. Civ. P. 26(c)(3) (permitting an award of fees and costs under Rule 37(a)(5) when the Court grants a protective order); Fed. R. Civ. P. 37(b)(2)(C) (permitting a court to order fees and costs be paid when a party fails to comply with a discovery order).

Imposing a monetary sanction on Akrawi, who is proceeding in forma pauperis (IFP), would likely be futile.  *See In re McDonald*, 489 U.S. 180, 184 (1989) ("[P]aupers filing *pro se* petitions are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions."); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper, as Hoskins does here."); *Simmons v. Gilmore*, No. 2:17-cv-00996, 2020 WL 4016331, at *4 (W.D. Pa. July 16, 2020) ("Imposing a monetary sanction on Simmons would be ineffective as he appears to be impecunious.").  And imposing monetary sanctions on a pro se plaintiff who has a history of clogging the docket would likely only "provoke further litigation."  *Jones v. Mich. Dep't of C.R.*, No. 18-11934, 2020 WL 4812700, at *2 (E.D. Mich. Feb. 7, 2020).

The Court thus denies FCA's request for attorney's fees.  But Akrawi is warned that further bad-faith litigation conduct may result in other

sanctions, including: (1) involuntary dismissal with prejudice; (2) revoking his IFP status;[1] (3) enjoining him from filing lawsuits in this district without leave of court; or (4) revoking his electronic filing and electronic document upload privileges.[2]

The Court **GRANTS IN PART AND DENIES IN PART** FCA's motion for protective order (ECF No. 81).  The Court **STAYS** all discovery, and Akrawi is prohibited from serving informal discovery requests directly on defendants' employees.  All communications about Akrawi's claims must go through defense counsel.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 22, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

---

[1] *See Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Molter v. Trinity Health*, ___ F. Supp. 3d ___, 2025 WL 3295122, at *4 (E.D. Mich. Nov. 26, 2025).

[2] *See Evans v. Robertson*, No. 24-13435, 2025 WL 3243458, at *3-4 (E.D. Mich. Nov. 20, 2025) (revoking parties' pro se electronic upload privileges as sanctions after parties filed briefs with factitious citations).

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2026.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager