UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON AKRAWI,

               Plaintiff,

v.

FCA US LLC, *et al.*,

               Defendants.

Case No. 25-cv-13229
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

---

**ORDER STRIKING PLAINTIFF'S IMPROPER FILING
(ECF NO. 92)**

---

Plaintiff Brandon Akrawi brings this employment action against Defendants FCA US LLC (doing business as Stellantis US LLC) and two labor unions.  ECF No. 1; ECF No. 31.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 12.

The Court strikes as improper Akrawi's filed notice attaching an "updated" proposed amended complaint while his motion for leave to amend remains pending.  ECF No. 92.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or,

if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Because Akrawi's notice document is not a motion or other filing authorized under Rule 7 or the local rules, the Court **STRIKES** it.

The Court previously warned Akrawi that "bad-faith litigation conduct may result" in sanctions.  ECF No. 83.  This bad faith conduct includes clogging the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Akrawi's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  The possible sanctions that Akrawi may face if he continues to make unauthorized filings were summarized in the Court's previous order.  ECF No. 83.

2

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 16, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager