UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON AKRAWI,

                    Plaintiff,

v.

FCA US LLC, *et al.*,

                  Defendants.

Case No. 25-cv-13229
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

## ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS
### (ECF NOS. 106, 107, 108, 109)

Plaintiff Brandon Akrawi brings this employment action against Defendants FCA US LLC (doing business as Stellantis US LLC) and two labor unions.  ECF No. 85-1.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 12.

The Court strikes Akrawi's improper filings.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a

court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Despite the Court's warning that "notices" are improper filings, Akrawi has filed four new notices.  *See* ECF No. 93.  Two notices are Akrawi's separately filed Rule 26(f) discovery plan and objections to FCA's discovery plan.  ECF No. 106.  As explained during a scheduling conference held on April 23, 2026, these filings are unauthorized because they should have been part of a joint discovery plan.  The third and fourth notices concern newly obtained evidence and completion of union appeals.  ECF No. 108; ECF No. 109.   Because these documents are not motions or other filings authorized under Rule 7 or the local rules, the Court **STRIKES** them.

The Court previously warned Akrawi that "bad-faith litigation conduct may result" in sanctions.  ECF No. 83.  The Court issued a second warning that bad faith conduct includes clogging the docket with improper filings. ECF No. 93.  The Court now **WARNS** Akrawi for a third time that he may face sanctions if continues to make improper filings.  As previously explained, "[e]very paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v.*

*Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at \*4 (W.D. Mich. May 12, 2006).  Akrawi's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at \*1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).

If Akrawi continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court."  *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at \*11 (E.D. Mich. Mar. 2, 2026).  The Court may also revoke Akrawi's electronic filing and electronic document upload privileges.  *See Evans v. Robertson*, No. 24-13435, 2025 WL 3243458, at \*3-4 (E.D. Mich. Nov. 20, 2025).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 23, 2026

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

4