UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON AKRAWI,

       Plaintiff,

v.

FCA US, LLC, *et al.*,

       Defendants.

_____ /

Case No. 25-13229

F. Kay Behm
U.S. District Judge

Elizabeth A. Stafford
U.S. Magistrate Judge

**OPINION AND ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF No. 82) AND OVERRULING OBJECTIONS TO MAGISTRATE
JUDGE'S ORDERS (ECF Nos. 96, 97, 99)**

## I.  PROCEDURAL HISTORY

Plaintiff brings employment related claims against his employer, FCA US, LLC and the unions, UAW and UAW Local 140.  On January 15, 2026, the Magistrate Judge, to whom this matter is referred for all pretrial proceedings, issued a report and recommendation (RR) to deny Plaintiff's motion for leave to file a second amended complaint (ECF No. 75), to *sua sponte* dismiss the case, and deny as moot other pending motions (ECF Nos. 58, 23, and 48). (ECF No. 82).  On January 23, 2026, Plaintiff filed an objection to the RR, along with a second motion for leave to file a second amended complaint.  (ECF Nos. 84, 85).  On March 6, 2026, Magistrate Judge Stafford issued an order

1

granting in part and denying in part Plaintiff's second motion for leave to file a second amended complaint and an order withdrawing in part her RR.  (ECF Nos. 96, 97).  Plaintiff then filed objections to both orders.  (ECF No. 98).  On March 25, 2026, Magistrate Judge Stafford issued an order requiring Defendant FCA to respond to the second amended complaint attached to Plaintiff's second motion for leave to file a second amended complaint.  (ECF No. 99).  FCA filed an objection to that order.  (ECF No. 100).  FCA filed an answer as ordered.  (ECF No. 103).

For the reasons set forth below, the parties' objections are **OVERRULED**.  The report and recommendation, as modified, is **ACCEPTED** and **ADOPTED**.

## II.    LEGAL STANDARDS

### A.    Objections to Report and Recommendation

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1)

requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his

summary judgment arguments, "an approach that is not appropriate or sufficient").

B.     Objections to Orders

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id*. A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently.  *Sedgwick Ins. v. F.A.B.E. Custom Downstream*

4

*Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III.   OBJECTIONS

A.   <u>Report and Recommendation (ECF No. 82) and Objections (ECF No. 84)</u>.

The court assumes familiarity with the factual background and the report and recommendation.

*Objection No. 1*

Plaintiff first objects to the RR because it evaluates his first proposed amended complaint, as opposed to his second proposed amended complaint, which he claims cures the deficiencies identified in the RR. However, the Magistrate Judge properly evaluated the proposed amended complaint before her in Plaintiff's motion.  After issuing the RR, the Magistrate Judge issued an order on Plaintiff's second motion for leave to file a second amended complaint, to which Plaintiff has also filed objections.  The court will not address propriety of the proposed second amended complaint in this context because that version was not before the Magistrate Judge when she issued the RR.  Instead, the court will address Plaintiff's objections to the Magistrate Judge's order granting in part and denying in part the second

motion for leave to file a second amended complaint separately below.

Accordingly, Objection No. 1 is **OVERRULED**.

*Objection No. 2*

In this objection, Plaintiff argues that the RR erroneously finds futility on the ADA discrimination claim.  However, the Magistrate Judge subsequently determined in ECF No. 96 that Plaintiff stated a viable ADA discrimination claim in his proposed second amended complaint.  Thus, this objection is **OVERRULED** as moot.

*Objection No. 3*

In this objection, Plaintiff contends that the RR erroneously finds futility on his failure to accommodate and interactive process claims under the ADA.  However, the Magistrate Judge subsequently determined in ECF No. 96 that Plaintiff stated viable ADA claims for failure to accommodate and failure to engage in the interactive process in his proposed second amended complaint.  Thus, this objection is **OVERRULED** as moot.

*Objection No. 4*

In this objection, Plaintiff contends that the RR erroneously finds futility on his ADA retaliation claim.  However, the Magistrate Judge subsequently determined in ECF No. 96 that Plaintiff stated a viable ADA retaliation claim

where he alleges that FCA retaliated against him for requesting accommodation in his proposed second amended complaint. Thus, this objection is **OVERRULED** as moot.

*Objection No. 5*

Plaintiff again objects to the RR because it evaluates his first proposed amended complaint, as opposed to his second proposed amended complaint, which he claims cures the deficiencies identified in the RR. However, the Magistrate Judge properly evaluated the proposed amended complaint before her in Plaintiff's motion. After issuing the RR, the Magistrate Judge issued an order on Plaintiff's second motion for leave to file a second amended complaint, to which Plaintiff has also filed objections. The court will not address propriety of the proposed second amended complaint in this context because that version was not before the Magistrate Judge when she issued the RR. Instead, the court will address Plaintiff's objections to the Magistrate Judge's order granting in part and denying in part the second motion for leave to file a second amended complaint separately below. Accordingly, Objection No. 5 is **OVERRULED**.

*Objection No. 6*

Lastly, Plaintiff objects to the RR's recommendation of *sua sponte* dismissal because it rests on the RR's findings that the amended complaint and the first proposed amended complaint fail to meet the standards of Rule 8. Again, Plaintiff's objection rests on his contention that the Magistrate Judge evaluated the wrong complaint. As explained above, the Magistrate Judge evaluated the amended complaint before her in Plaintiff's motion. Moreover, the Magistrate Judge withdrew, in part, her RR. She explained that based on her order on Plaintiff's second motion to amend, she found that he stated plausible claims against FCA, but that his claims again the unions were still futile. (ECF No. 97). Judge Stafford thus withdrew as moot her recommendation to dismiss the claim against FCA, but noted that her recommendation to dismiss the claims against the unions remain in effect. *Id*. The court will not address propriety of the proposed second amended complaint in this context because that version was not before the Magistrate Judge when she issued the RR. Instead, the court will address Plaintiff's objections to the Magistrate Judge's order granting in part and denying in part the second motion for leave to file a second amended complaint separately below. Accordingly, Objection No. 6 is **OVERRULED**.

8

B.   Order on Motion to Amend (ECF No. 96) and Order Withdrawing in Part RR (ECF No. 97) and Objections (ECF No. 98)

Plaintiff objects to the Magistrate Judge's conclusion that his duty of fair representation claim against the unions lacks sufficient factual detail.  In an apparent attempt to resolve the issues identified by the Magistrate Judge, Plaintiff asserts that the "documentary record submitted with these objections resolves the internal inconsistency identified by the Court and supplies the factual detail the Court found missing."  (ECF No. 98, PageID.2546).  Plaintiff's objections go on to explain how this "documentary record" submitted with the objections provides additional details in support of his claim.  *Id*. at 2546-47; *see also id*. at PageID.2548 ("The documentary record cures those pleadings gaps ...").

Plaintiff's attempt to supplement the second amended complaint with new allegations and evidence must be rejected.  If a plaintiff needs to supplement his complaint with additional facts in order to withstand a motion to dismiss (or to survive a futility analysis), the proper course of action is a motion for leave to amend the complaint.  *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020).  A plaintiff cannot ask the court to consider new allegations or evidence not contained in the complaint.  *Id*.  "If a complaint fails to state a claim even under the liberal requirements of the

9

federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Id*. (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).  Thus, the court will not consider Plaintiff's evidence and piecemeal attempt to supplement the second amended complaint in order to survive a futility analysis.  *See Turner v. Citi*, 2020 WL 4516988, at *3 (E.D. Ky. Aug. 5, 2020) ("Turner may not file a complaint piecemeal by presenting her claims and supporting factual allegations in multiple documents, leaving it to the Court and the defendant to piece together her claims.  Rather, a complaint should include all allegations, claims, and defendants in a single document."); *see also Jones v. Snyder*, 2008 WL 786023, at *1 (W.D. Mich. Mar. 20, 2008) (explaining that allowing new materials in objection to a magistrate judge's opinion would result in "piecemeal presentation of evidence and unnecessary waste of judicial resources" and "gamesmanship, such as where a party strategically withholds certain evidence from the magistrate judge but presents it to the district court after an unfavorable ruling") (citation omitted).  Accordingly, Plaintiff's objections are **OVERRULED**.

C.      Objection (ECF No. 100) to Order (ECF No. 99)

Judge Stafford granted in part and denied in part Plaintiff's motion to amend his complaint, finding that Plaintiff stated plausible claims against FCA, but that his claims against the unions were futile and should be dismissed.  (ECF No. 96).  After entering that order, Judge Stafford ordered FCA to respond to the amended complaint.  (ECF No. 99).  FCA has done so (ECF No. 103) but also filed objections to the order.  (ECF No. 100).

In its objections, FCA explains that responding to the second amended complaint as currently drafted is infeasible because it would require FCA to either limit its answer, at its own discretion, to only those allegations it deems applicable to it, or to respond to substantial portions of the numbered allegation concerning the unions, which are now moot and which FCA is neither in a position to admit nor deny.  Thus, FCA asks the court to direct Plaintiff to amend the second amended complaint to reflect only allegations pertaining to the Counts under the ADA, so that FCA may appropriately respond.  Alternatively, FCA asks the court to provide instruction to FCA about whether it should respond to numbered paragraphs as currently stated, even though inapplicable to FCA, or edit its answer to only respond to the numbered paragraphs and counts that apply to FCA.

11

While it may be somewhat cumbersome to answer the second amended complaint in its current form, FCA would have to do so if the unions remained in the lawsuit.  That is, it is not uncommon for a defendant to have to answer a complaint containing allegations that are irrelevant to it when there are co-defendants in the lawsuit.  The court does not find requiring FCA to do so here would be unduly burdensome.  And FCA was plainly able to provide a sufficiently clear and cohesive answer to the second amended complaint.  (ECF No. 103).  In this vein, the court finds that it need not provide further direction to FCA regarding whether it should answer all paragraphs or only those pertaining to it, because it has already filed an answer that includes responses to every paragraph.  Most importantly, FCA has not established that the Magistrate Judge's order requiring it to respond to the second amended complaint as currently drafted is clearly erroneous or contrary to law.  Accordingly, the Objection is **OVERRULED**.

## IV.    CONCLUSION

For the reasons set forth above, the parties' objections are **OVERRULED**.  The report and recommendation, as modified, is **ACCEPTED** and **ADOPTED**.

13

**SO ORDERED**.

Date: April 29, 2026                    <u>s/F. Kay Behm</u>
                                        F. Kay Behm
                                        United States District Judge