UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON AKRAWI,                                  Case No. 25-13229

        Plaintiff,                               F. Kay Behm
v.                                               U.S. District Judge

FCA US, LLC, *et al.*,                           Elizabeth A. Stafford
                                                 U.S. Magistrate Judge

        Defendants.
_____ /

## ORDER OVERRULING OBJECTIONS (ECF No. 42) <u>TO MAGISTRATE JUDGE'S ORDER (ECF No. 41)</u>

## I.     PROCEDURAL HISTORY

Plaintiff brings employment related claims against his employer, FCA US, LLC and the unions, UAW and UAW Local 140.  This matter is referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings.  (ECF No. 12).  Currently before the court are Plaintiff's Objections (ECF No. 42) to the Magistrate Judge's Order (ECF No. 41) denying emergency treatment to Plaintiff's motion for temporary restraining order (TRO) (ECF No. 38).  FCA filed a response to Plaintiff's Objections.  (ECF No. 50).  For the reasons set forth below, the objections are **OVERRULED**.

1

## II.    LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently.  *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City*

*of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III.    OBJECTIONS

On November 12, 2025, Plaintiff filed an emergency motion for temporary restraining order, claiming that FCA posted job openings that he wishes to bid on but that he is allegedly wrongly disqualified.  The job openings expired on November 13, 2025 and Plaintiff sought to enjoin Defendants from excluding his bids before that date.  (ECF No. 38).  Magistrate Judge Stafford denied the motion in a short order, noting that it was impossible to have Defendants answer the motion, hold a hearing, and then prepare a report and recommendation within one business day.  (ECF No. 41).  Judge Stafford concluded that the court would thus not accord the motion emergency treatment.  *Id*.  Judge Stafford did not decide the merits of the motion.

Plaintiff first objects to the Magistrate Judge's order arguing that she applied an incorrect legal standard.  Plaintiff argues that a TRO is only dispositive when it grants full substantive relief and a TRO that merely preserves the status quo, such as a short administrative freeze preventing job openings from expiring, is non-dispositive.  Plaintiff cites no authority in

support of his argument.  However, it is clear that the statutory provision

allowing Magistrate Judges to hear and determine any pretrial matter pending

before the court expressly excludes any motion for injunctive relief, which

would include a motion for TRO.  *See* 28 U.S.C. § 636(b)(1)(A); *see also*

*Sheffield Metals v. Kevwitch,* 2018 WL 2266897, at *2 (N.D. Ohio Jan. 16,

2018) (describing a motion for a temporary restraining order as dispositive);

*United States v. Lewis*, 2024 WL 4803513, at *1 (S.D. Ohio Nov. 15, 2024),

report and recommendation adopted, 2024 WL 5056486 (S.D. Ohio Dec. 10,

2024) ("Motions for injunctive relief are 'dispositive' within the meaning of 28

U.S.C. § 636(b)(1), requiring an assigned Magistrate Judge to file a report of

proposed findings of fact and a recommended disposition on the referred

matter.").  Accordingly, the Magistrate Judge did not apply the wrong

standard.  Thus, this objection is **OVERRULED**.

Plaintiff also objects by arguing the merits of his request for a TRO,

saying the harm is irreparable and imminent, a freeze would not harm FCA or

the UAW, Defendants had actual notice of his Emergency Motion for TRO, and

the Magistrate Judge failed to address any of the evidence he submitted.

Plaintiff admits, at a minimum, that a failure to freeze by Monday, November

17, 2025 renders his TRO moot.  (ECF No. 42, PageID.814).  Defendant FCA

further points out that Plaintiff's objection to Magistrate Judge's Order was filed after the job openings he sought to freeze had expired on November 13, 2025, thus rendering his motion for TRO moot as of that date.[1]  Accordingly, Plaintiff's Objection Nos. 2-5 on the merits of his TRO are **OVERRULED** as moot.

Lastly, in his sixth objection, Plaintiff contends that he did not ask the court to decide the full TRO in 24 hours.  Instead, he says that his Emergency Motion sought only a temporary administrative freeze to prevent permanent job awards, not a decision on the merits.  But, as Defendant FCA points out, a request for an "administrative freeze" is still a request for equitable relief that would alter the parties' substantive rights.  This is a variation on Objection No. 1 and is **OVERRULED** for the same reasons.

**SO ORDERED**.

Date: April 29, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

---

[1] Plaintiff's objections were filed on November 13, 2025 at 6:40 p.m.  (ECF No. 42).