UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON AKRAWI,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-13229<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NO. 116)**

## I.   Introduction

Plaintiff Brandon Akrawi, proceeding pro se and in forma pauperis, brings this employment action against Defendant FCA US LLC (doing business as Stellantis US LLC).  ECF No. 85-1.  Akrawi's claims against two labor unions have been dismissed.  ECF No. 82; ECF No. 96; ECF No. 112.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 12.  Akrawi now moves again to amend his complaint.  ECF No. 116.  The Court **DENIES** Akrawi's motion.

## II.     Background

The Court has previously described the allegations in the operative complaint and incorporates that discussion here.  ECF No. 96, PageID.2513-2515.  Akrawi seeks to amend his complaint to add pleadings about his removals from the MLM department and the unions' involvement in those actions.  ECF No. 116-1.  He also seeks to add allegations about unrelated events that have transpired since he filed his complaint.  *Id.*

## III.     Analysis

## A.

Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

3

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012);

*Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Since filing this action in October 2025, Akrawi has either amended or

sought to amend his complaint four times.  The Court previously

summarized this history:

> After filing the original complaint, Akrawi amended his complaint as a matter of course under Rule 15(a).  ECF No. 31. He filed a second amended complaint without moving for leave, and the Court struck it as an unauthorized filing.  ECF No. 68; ECF No. 74.  Akrawi then moved for leave to amend.  ECF No. 75.  The Court recommended denying the motion and dismissing the case.  ECF No. 82….Akrawi now moves a second time for leave to amend his complaint.  ECF No. 85.

ECF No. 96, PageID.2517-2518.  The Court granted in part Akrawi's

January 2026 motion to amend.  *Id.*  But the Court warned Akrawi that he

would face a heavy burden if he moved to amend his complaint again,

given his repeated failure to cure the deficiencies.  *Id.*, PageID.2519.

Akrawi now seeks to amend his complaint for a fourth time.

A plaintiff's "repeated failure to cure deficiencies by previous

amendments" is relevant to whether he should be granted leave to amend.

*Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (cleaned

up).  "Courts are especially inclined to deny a motion brought under Rule

15 if the moving party knew the facts on which the claim or defense sought

to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." *Springs v. Mayer Brown LLP*, No. 11-13518, 2013 WL 656465, at *2 (E.D. Mich. Jan. 31, 2013) (cleaned up); *see also McCray v. Carter*, 571 F. App'x 392, 399-400 (6th Cir. 2014).  Plaintiffs are often afforded three opportunities to amend before courts deny further amendment based on a failure to cure deficiencies. *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019); *Doe v. City of Pharr, Tex.*, 652 F. App'x 259, 265 (5th Cir. 2016); *Dyson v. N.Y. Health Care, Inc.*, 353 F. App'x 502, 503-04 (2d Cir. 2009).

Akrawi's fourth amended complaint (FAC) expands on the allegations in the operative complaint—including the removals from the MLM department, failing to hire him for open positions compatible with his work restrictions, and the unions' actions in grieving his removals.  ECF No. 116-1, PageID.2923-2943.  Akrawi offers no valid reason why he failed to include many of those allegations before.

Akrawi contends that some allegations were added to cure deficiencies identified in the Court's orders and reports and recommendations.  ECF No. 116, PageID.2911-2912.  But Akrawi has already tried to amend his complaint three times to cure deficiencies identified by the Court.  ECF No. 31; ECF No. 64; ECF No. 75; ECF No. 82;

ECF No. 85; ECF No. 96.  He may not endlessly attempt to perfect his complaint; at some point, the pleadings must become fixed.  *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) ("[I]f a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate."); *Lee*, 912 F.3d at 1053 (holding that a "district court did not abuse its discretion in deciding that the plaintiffs' repeated failure to cure the complaint's deficiencies warranted denial of the motion for leave to file a third amended complaint" when the "plaintiffs, over a period of six months, were given four opportunities to file an adequate pleading").  Akrawi's motion to amend seeking to add allegations predating the operative complaint is thus denied.

## C.

Akrawi also seeks to add allegations post-dating the operative complaint.  Those allegations involve: (1) the unions' completion of the grievance process for Akrawi's second removal from the MLM department; (2) union employees' disclosure of Akrawi's complaint about another employee's harassment; (3)  union employees' refusal to pursue other grievances; (4) a March 2026 disciplinary layoff; (5) the interactive process for a 2026 accommodation request; (6) Akrawi's April 2026 stress leave

6

resulting from alleged harassment; (7) completion of the public review board's review of Akrawi's appeal of his first grievance; and (8) interference with Akrawi's ability to run for union office in a 2026 election.  ECF No. 116-1, PageID.2923-2924, 2942-2955, 2968.

Although Akrawi moves only to amend under Rule 15(a), leave to add allegations about post-filing events should be made under Rule 15(d). *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021). Supplemental allegations under Rule 15(d) "cannot be used to introduce a separate, distinct and new cause of action" that could have given rise to a new case.  *Id.* (citing *Planned Parenthood of S. Cali. v. Neeley*, 130 F.3d 400, 402 (9th Cir. 1997)).  The operative complaint concerned Akrawi's requests for accommodation, removals from the MLM department, and the unions' alleged failure to grieve those removals to his satisfaction.  ECF No. 85-1.  Apart from the unions' 2026 completion of the grievance process for Akrawi's second removal, the new allegations in the FAC allege separate, distinct harms unrelated to the issues in the operative complaint. Leave to supplement to add the unrelated allegations is thus denied.

## D.

Akrawi's motion to amend is also denied on futility grounds because he engaged in "shotgun" pleading violating Rules 8(a) and 10(b).  "A

'shotgun pleading' is one that makes it virtually impossible for a defendant to know which allegations of fact are intended to support which claims for relief" and that "often seek to overwhelm defendants with an unclear mass of allegations." *K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 640 (E.D. Mich. Mar. 31, 2024) (cleaned up). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)); *see also Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020).

Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu*, 5 F.4th at 651 (cleaned up). To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (cleaned up). And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

8

One type of shotgun pleading involves a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d at 1322.  Another type includes "a complaint that…[is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.*  Both types of pleadings fail to give defendants adequate notice of the claims against them and the grounds on which they rest.  *Id.* at 1323.

Akrawi's 65-page, 119-paragraph FAC is so convoluted that it obscures the basis for his claims against FCA and the unions.  In a scattershot, "kitchen-sink" manner, the complaint seemingly details every workplace grievance that Akrawi has had since 2023.  Many of the new allegations add confusing theories allegedly showing a conspiracy between FCA and the unions.  For example, Akrawi alleges that he recorded a conversation in which union committeeman Jeffrey Greer admitted that the plant's medical department works in concert with FCA to "identify and target" employees who cannot operate both a hi-lo forklift and a stand-up tugger.  ECF No. 116-1, PageID.2925.  The unions' role in this allegation is unclear.  Akrawi also alleges that Greer pressured a coworker into

voluntarily withdrawing his medical restrictions, falsely promising that the coworker would not have to operate a stand-up tugger.  *Id.*, PageID.2926. The coworker was nonetheless assigned to operate the stand-up tugger and was later transferred to another department where he reinstated his medical restrictions.  *Id.*  The relevance of these facts to Akrawi's claims is unclear as he cannot recover for another employee's harms.

Akrawi provides extraneous details about his first grievance, alleging that Greer and Chief Steward Leonard Carter refused to file the grievance but that Ron Steward, a steward in the trim department, pursued the grievance.  *Id.*, PageID.2930-2931.  Akrawi also alleges that he filed complaints with the NLRB and MIOSHA and that he went on stress leave, without connecting these allegations to any claim.  *Id.*  Akrawi disputes how the unions handled his first grievance.  Although confusing and unclear, the FAC seems to allege that the unions did not advance certain arguments and evidence when pursuing the grievance.  *Id.*, PageID.2932.  Ultimately, Akrawi disputes the unions' settlement of the grievance.  *Id.*, PageID.2933.

Akrawi alleges that he was returned to the MLM department but complains that he was only assigned to stand-up tuggers despite not having a valid license to operate that equipment.  *Id.*, PageID.2934.  The complaint then pivots to seven pages of allegations that other, less senior

employees were assigned to hi-lo work and that the unions had

"manipulated" job postings in 2024 and 2025 for hi-lo vacancies by delaying

posting the positions until Akrawi was on leave and unable to bid on them.

*Id.*, PageID.2934-2035, 2937-2941.  These allegations include Akrawi's

258-word paragraph stating that, in January 2026, he and nine other MLM

employees signed a statement requesting an audit of hi-lo positions,

immediate posting of all hi-lo positions, and a review of overtime

assignments.  *Id.*, PageID.2939-2940, ¶ 74.  Again, these allegations

present a bewildering morass of confusing theories and irrelevant facts.

Next, Akrawi challenges the unions' withdrawal of his second

grievance.[1]  The basis for Akrawi's objection is again unclear.  He alleges

that the union president, Eric Graham, stated that the dual-equipment

policy was never approved by a "PIV committee" and that Akrawi could

have been placed on a hi-lo.  *Id.*, PageID.2942.  The union vice-president

allegedly stated that "Greer did not have authority to agree to the dual-

equipment policy on the union's behalf."  *Id.*  When Akrawi contacted a

---

[1] It is worth noting that Akrawi alleged in the operative complaint that in August and September 2025, the unions "took no action to…process a grievance challenging" his second removal from the MLM department and that they "failed to pursue the grievance."  ECF No. 85-1, PageID.2400-2401.  Akrawi now alleges that in August 2025, union representatives filed a grievance and pursued it through January 2026.  ECF No. 116-1, PageID.2941-2042.

union representative in January 2026 about the status of the grievance, he was informed that it had been withdrawn "due to the Local policy that is now in place." *Id.*, PageID.2942-2943.  Akrawi complains that the unions did not inform him of the withdrawal and that a copy of the cited policy was scanned and copied just minutes before it was forwarded to him.  *Id.*  The Court is left guessing at the import of these allegations.

As described above, the complaint then makes a series of allegations that transpired in 2026: (1) union employees' disclosure of Akrawi's complaint about another employee's harassment; (2) the union employees' refusal to pursue other grievances; (3) a March 2026 disciplinary layoff; (4) the interactive process for a 2026 accommodation request; (5) Akrawi's April 2026 stress leave resulting from alleged harassment; (6) completion of the public review board's review of Akrawi's appeal of his first grievance; and (7) interference with Akrawi's ability to run for union office in a 2026 election.  *Id.*, PageID.2944-2955, 2968.  These allegations are unrelated to the crux of Akrawi's complaint—his removals from the MLM department and resulting grievances.

Far from adhering to Rule 8(a)'s requirement that pleadings be "short and plain," the FAC's scattershot approach overwhelms defendants and the Court "with an unclear mass of allegations."  *K.O.*, 728 F. Supp. 3d at 640.

12

To make matters worse, each of Akrawi's counts incorporates by reference all preceding paragraphs. *Id.*, PageID.2957-2974. Portions of the FAC also violate Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Many of the numbered paragraphs include longwinded narratives and Akrawi's convoluted theories explaining why those facts show wrongdoing. *See, e.g.*, *id.*, PageID.2918, 2925-2926, 2928, 2939-2940, 2944-2945, ¶¶ 3, 30A, 30B, 36, 74, 89.

Deciphering the FAC would thus require the Court "or opposing party to forever sift through its pages in search of that understanding." *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (dismissing a 55-page complaint for violating Rule 8). Such "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Flayter v. Wisc. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001); *see also Sherman v. Saxon Mortg. Servs., Inc.*, No. CIV. 10-2282-STA-TMP, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting cases).

In *Nelson v. Serv. Towing, Inc.*, the plaintiffs similarly made four "scattershot" attempts to amend, meaning the pleadings became a

"constant moving target."  No. 2:22-cv-10918, 2024 WL 989572, at *1-2, 11-12 (E.D. Mich. Feb. 5, 2024), *adopted*, 2024 WL 775492 (E.D. Mich. Feb. 26, 2024).  The operative complaint was "twenty-six pages of rambling and confusing allegations and legal conclusions that are often not connected to one another," and shared many other similarities with Akrawi's FAC:

> Plaintiffs attempt to inject into their complaint irrelevant and often confusing factual allegations that often have nothing to do with the claims that they do claim to be asserting, while failing to provide sufficient detail to demonstrate they have stated a claim upon which relief can be granted.  The amended complaint is filled with assumptions and speculation in a haphazard way, while making generalized arguments about wrongdoing and conspiracies by some or all of the listed defendants.

*Id.*, at *3, 12.  The court denied the plaintiffs' motion to amend as futile and recommended that the case be dismissed.  *Id.*, at *9, 13.

Because Akrawi's FAC is likewise littered with rambling and irrelevant factual allegations and speculation, the Court denies his motion to amend as futile because it does not satisfy the pleading standards.

## IV.   Conclusion

The Court thus **DENIES** Akrawi's motion for leave to amend (ECF No. 116).

14

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager