UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON AKRAWI, | Case No. 25-13229 |
| Plaintiff, | F. Kay Behm |
| v. | U.S. District Judge |
| FCA US, LLC, et al., | Elizabeth A. Stafford |
| | U.S. Magistrate Judge |
| Defendants. | |
| ___________________________ / | |

ORDER REGARDING OBJECTIONS TO
ORDER (ECF No. 127, 130, 135)

Magistrate Judge Stafford issued an Order denying Plaintiff's motion for leave to amend the complaint. (ECF 126). Plaintiff, proceeding pro se, filed timely objections to the Order. (ECF No. 127). Without seeking leave of court, Plaintiff also filed two "Notices" regarding his objections, apparently wanting the court to consider a proposed fifth amended complaint (ECF No. 130), and revised proposed fifth amended complaint (ECF No. 135) with his objections. As a general rule, district courts need not consider arguments on review that were not raised before the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000) ("The magistrate [ ] never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, permits de novo review by the district court if timely objections are filed,

absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver ."); Allgood v. Baptist Mem'l Med. Grp., Inc., No. 219CV02323, 2020 WL 821381, at *4 (W.D. Tenn. Feb. 19, 2020) ("The Court will not consider objections to the Magistrate Judge's Order that were not raised first with the Magistrate Judge.") (citing Murr v. United States). Here, Plaintiff did not present the proposed fifth amended complaint or its revised version to the Magistrate Judge in the first instance. Accordingly, the court will not consider these documents, or any arguments regarding them, when it considers Plaintiff's objections to the Magistrate Judge's Order.

Further, the court notes that Plaintiff is now represented by counsel.[1] (ECF No. 136). Accordingly, the court will give counsel the opportunity to either adopt Plaintiff's objections (ECF No. 127) or file new objections within 14 days of entry of this order. Failure to either affirmatively adopt Plaintiff's

[1] While Plaintiff filed his objections before counsel filed his appearance, the court notes that Plaintiff cannot engage in "hybrid representation that would result in simultaneous or alternating self-representation and representation by counsel." United States v. Degroat, No. 97-CR-20004-DT-1, 2009 WL 891699, at *1 (E.D. Mich. Mar. 31, 2009) (cleaned up). A plaintiff represented by counsel must rely upon that counsel. Id.; see also Ford v. Specialized Loan Servicing, LLC, No. 216CV02414JPMTMP, 2018 WL 2382992, at *1 (W.D. Tenn. May 4, 2018) (barring hybrid representation in civil case); Perkins v. CoreCivic, No. 1:23-CV-01178-SHM-TMP, 2024 WL 4143339, at *1–2 (W.D. Tenn. Aug. 5, 2024) (same).

objections or file new objections in a timely manner will result in the court treating the Magistrate Judge's Order as having no objections raised to it.

SO ORDERED.

Date: August 17, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge