UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON AKRAWI, | Case No. 25-13229 |
| Plaintiff, | F. Kay Behm<br>U.S. District Judge |
| v. | |
| FCA US, LLC, *et al.*, | Elizabeth A. Stafford<br>U.S. Magistrate Judge |
| Defendants.<br>_______________________ / | |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 127) AND AFFIRMING THE MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (ECF No. 126)**

## I. PROCEDURAL HISTORY

This matter is referred to Magistrate Judge Elizabeth Stafford for all pretrial proceedings. (ECF No. 12). Plaintiff filed his fourth motion for leave to amend the complaint. (ECF No. 116). Judge Stafford denied Plaintiff's motion for leave to amend his complaint. (ECF No. 126). Plaintiff timely filed objections. (ECF No. 127).

For the reasons set forth below, the court **OVERRULES** Plaintiffs objections and **AFFIRMS** the denial of his motion for leave to amend the complaint.

## II. STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City*

*of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

Objection No. 1

Plaintiff objects to the Magistrate Judge's analysis regarding his prior amendment history, noting her conclusions that he had "already tried to amend his complaint three times to cure deficiencies" and that "[h]e may not endlessly attempt to perfect his complaint." (ECF No. 126, PageID.3195-3196). Plaintiff argues, however, that this reasoning should not have applied to claims arising from events that had not yet occurred. This is so because it would bar a plaintiff from seeking relief for ongoing retaliation where "earlier, distinct conduct was imperfectly pled." (ECF No. 127, PageID.3210). However, the Magistrate Judge's analysis in this regard was expressly limited to his attempt to "add allegations predating the operative complaint." (ECF No. 126, PageID.3196). The court finds no error in the Magistrate Judge's consideration of his multiple prior attempts to amend his complaint as it relates to allegations predating the operative complaint. Accordingly, this objection is **OVERRULED**.

Plaintiff also argues in this objection that the supplemental allegations are proper under Rule 15(d) because they share a common nucleus of fact with the existing claims. Plaintiff takes issue with the Magistrate Judge's conclusion that the 2026 events recounted in the proposed amended complaint are "separate, distinct and new" causes of action. (ECF No. 126, PageID.3197). The governing standards for supplementation are summarized as follows:

> [w]hile supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint, *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988), there must be some connection between the claims as filed and the supplemental ones: "A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008). Instead, "[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann v. Michigan Dep't of Corr.*, No. 12–10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).
>
> A court may therefore "deny a motion to supplement when the supplemental pleading could be the subject of a separate action." *Mullen*, 590 F. Supp. 2d at 1238. Granting or denying a motion to supplement is left to a district court's "broad discretion." *Diaz v. City of Inkster*, No. 05–70423, 2006 WL 2192929, at *13 (E.D. Mich. Aug. 2, 2006). While supplementation should be "freely granted," reasons to deny include the futility of supplemental claims because they fail

> to state a claim upon which relief may be granted. *See, e.g., Bromley v. Michigan Educ. Ass'n–NEA*, 178 F.R.D. 148, 153–54 (E.D. Mich. 1998).

*Goldman v. Elum*, No. 2:19-CV-10390, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019). The Magistrate Judge found that the supplemental allegations concerned Plaintiff's "requests for accommodation, removals from the MLM department, and the unions' alleged failure to grieve those removals to his satisfaction." (ECF No. 126, PageID.3197). She further concluded that "[a]part from the unions' 2026 completion of the grievance process for Akrawi's second removal, the new allegations in the FAC allege separate, distinct harms unrelated to the issues in the operative complaint." *Id.; see also* PageID.3202 (The allegations about what transpired in 2026 "are unrelated to the crux of Akrawi's complaint—his removals from the MLM department and resulting grievances."). While Plaintiff insists that the post-complaint events are directly connected to the operative complaint, the court cannot conclude that the Magistrate Judge's analysis and conclusion were clearly erroneous or contrary to law. She reasonably concluded that the new allegations constituted separate and distinct causes of action, which in the exercise of her discretion, are not permitted by Rule 15(d). The court also rejects Plaintiff's claim that the Magistrate Judge denied the motion because

she concluded that it was improperly brought under Rule 15(a) instead of Rule 15(d). The decision reflects that the Magistrate Judge considered the motion under Rule 15(d). (ECF No. 126, PageID.3197). Accordingly, this objection is **OVERRULED**.

Objection No. 2

Plaintiff next objects because the Magistrate Judge did not evaluate whether the proposed amended complaint cured the specific deficiencies previously identified. Instead, according to Plaintiff, the Magistrate Judge improperly conflated the issues of whether the newly pleaded facts plausibly cured the defects and whether Plaintiff had previously amended. The court disagrees. The Magistrate Judge undertook a detailed futility analysis regarding why the proposed amended complaint constituted an improper "shotgun" pleading, finding, among other things, that:

> Akrawi's 65-page, 119-paragraph FAC is so convoluted that it obscures the basis for his claims against FCA and the unions. In a scattershot, "kitchen-sink" manner, the complaint seemingly details every workplace grievance that Akrawi has had since 2023. Many of the new allegations add confusing theories allegedly showing a conspiracy between FCA and the unions.

(ECF No. 126, PageID.3199). The Magistrate Judge went to address a multitude of the specific allegations in the complaint and why they did not support allowing an amendment, describing many of them as a "bewildering morass of confusing theories and irrelevant facts" and leaving the court "guessing at the import of these allegations." *Id*. at PageID.3199-3202. A futility analysis based on the shotgun nature of a proposed amended complaint is well-supported in the law. *K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 640 (E.D. Mich. Mar. 31, 2024) ("A 'shotgun pleading' is one that makes it virtually impossible for a defendant to know which allegations of fact are intended to support which claims for relief" and that "often seek to overwhelm defendants with an unclear mass of allegations.") (cleaned up); *Mays v. Stellantis*, No. 25-CV-13663, 2026 WL 1836566, at *2 (E.D. Mich. June 22, 2026) (motion to amend denied on futility grounds because plaintiff engaged in "shotgun" pleading violating Rule 8(a)), *report and recommendation adopted*, 2026 WL 1836548 (E.D. Mich. June 25, 2026); *Plate v. Pinellas Cnty.*, 2020 WL 428948, at *5 (M.D. Fla. Jan. 28, 2020) (denying leave to amend because the plaintiff's proposed amended complaint constituted a shotgun pleading); *Khader v. SunTrust Mortg., Inc.*, 2014 WL 12013420, at *2 (N.D. Ga. Nov. 17, 2014) (finding that the plaintiff's

proposed amended complaint was futile because it was a shotgun pleading) (collecting cases), *report and recommendation adopted*, 2015 WL 11233189 (N.D. Ga. Jan. 26, 2015); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1355-56 (S.D. Fla. 2010) (denying a motion to amend a complaint as futile because it was a shotgun pleading).

To the extent it was necessary, the court concludes that the Magistrate Judge sufficiently addressed whether the newly pleaded facts plausibly cured the defects previously identified. Further, the court concludes that the Magistrate Judge's futility analysis was neither clearly erroneous nor contrary to law. Accordingly, Objection No. 2 is **OVERRULED**.

Objection No. 3

Plaintiff contends that denial of the entire motion was contrary to law because Rule 15 does not operate on an "all or nothing basis." Instead, Plaintiff argues, the courts have broad discretion to employ remedies short of denial such as partial amendment, ordering that specific counts be repleaded, ordering a more definite statement, or striking individual paragraphs under Rule 12(f). According to Plaintiff, a "blanket denial" with no path to correction is inconsistent with Rule 15's directive that leave shall be freely given. Offering such alternative remedies is certainly within the

discretion of the court. However, based on the Magistrate Judge's thorough and well-reasoned analysis of Plaintiff's "shotgun" proposed amended complaint, and given Plaintiff's multiple prior opportunities to amend the complaint, the court concludes that the Magistrate Judge did not abuse her discretion by the wholesale rejection of Plaintiff's proposed amended complaint and this rejection was not clearly erroneous or contrary to law. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) ("So if a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate."). For these reasons, the objection is **OVERRULED**.

Objection No. 4

Plaintiff objects that the Magistrate Judge failed to weigh the lack of prejudice to the opposing party. It is true that a court may deny a motion for leave to amend a complaint based on "at least some significant showing of prejudice to the opponent." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986)). However, the Magistrate Judge did not address prejudice because her denial of Plaintiff's motion was not based on prejudice to Defendants. Undue prejudice is but one of many reasons a court may deny a motion for

leave to amend the complaint. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "leave should, as the rules require, be 'freely given.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). And a purported lack of prejudice to Defendants does not somehow overcome a proper futility analysis, nor does Plaintiff offer any authority to suggest that this is the case. The court found above that the Magistrate Judge's futility analysis was proper and well founded in the law. Accordingly, the purported lack of prejudice to Defendants is irrelevant. This objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's decision is **AFFIRMED**.

**SO ORDERED**.

Date: November 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge